# BENJAMIN v FLEISCHMAN

## Case No. 89-149-AP

Eleventh Judicial Circuit, Dade County

March 22, 1990

### APPEARANCES OF COUNSEL

**Louis Vernell, Esquire,** for appellant.

**Malcolm Fromberg, Esquire,** for appellees.

Before DONNER, GREENBAUM, MORENO, JJ.

### OPINION OF THE COURT

MORENO, Judge.

The appellant, appearing *pro se* at trial, filed affirmative defenses in response to his landlord's action for eviction. The landlord moved to strike the tenant's affirmative defenses claiming that they were improper defenses for an eviction action. The trial court granted the landlord's Motion to Strike the tenant's affirmative defenses number 2 and 3. (#2: material non-compliance, #3: setoff for injuries to his wife). The trial court found for the landlord, granted eviction and entered judgment ordering payment of back rent.

Florida Statute § 83.60 provides a tenant with defenses to an action for eviction based on material non-compliance with F.S. § 83.51(1). In order to preserve such a defense, one must, pursuant to F.S. § 83.56(1), provide the landlord with written notice of non-compliance and indicate an intention to terminate the rental agreement.

Although the tenant sent various letters to the landlord indicating non-compliance, he failed to indicate his intent to terminate the rental. The absence of his intent to terminate renders the defense on noncompliance inapplicable. Thus, the trial court, although it failed to construe affirmative defense #2 as material noncompliance, correctly ruled the affirmative defense of non-compliance a non-issue.

As to affirmative defense #3 (setoff for wife's injuries) the trial court properly found that it was not a proper defense. Essentially, that affirmative defense asks for reduction in the rent due to the defective threshold. The requested setoff is a remedy to the landlord's non-compliance rather than a defense. Additionally, that affirmative defense seeks to compensate appellant's wife for injuries sustained as a result of falling on the defective threshold. Clearly, there are no provisions in the statute for such a remedy or defense.

The other issues raised by the appellant are without merit. The trial court properly entered final judgment for the landlord as the tenant failed to cure his arrears within the 3 days prescribed by F.S. § 83.56(3).

According to the rental agreement, the tenant's rent was due on February 15, 1988. The tenant did not pay on February 25 and the landlord served appellant with a 3 day notice to pay on March 9, 1988. The tenant failed to pay within the 3 days and therefore eviction proceedings were commenced on March 17, 1988. Subsequently, the trial court ordered the tenant to pay his back rent into the court registry on April 7, 1988. The February 15th rent was entered into the court registry on March 20, 1988. By then, the March 15th rent should have been entered as well. The tenant did not enter payment of rent into the court registry until he was ordered by the court on April 7, 1988.

Notwithstanding, the tenant remained in possession of the premises throughout the proceedings. Entering payment into the court registry after a 3 day notice, but prior to trial, does not cure the default. The landlord may, pursuant to Florida Statute § 83.56(3), terminate the rental agreement if default continues after the 3 day notice is properly served. Here, the landlord did comply with the statute and served the tenant with a 3 day notice on March 9, 1988.

8

Further, the court properly entered a final money judgment in favor of the landlord. Since the trial court had found the landlord was entitled to possession of the premises occupied by the appellant due to non-payment, and since a Writ of Possession was issued after hearing evidence at trial, the trial court properly entered a money judgment in favor of appellee. *See* F.S. § 83.625.

AFFIRMED.

DONNER, GREENBAUM, JJ., Concur.